IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS FRANKLIN HOUCK, | : |
|     Petitioner | : |
|     v. | : Case No. 3:20-cv-255-KAP |
| VICKY MOSER, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |

## Memorandum Order

In <u>Hope v. Warden York County Prison</u>, 972 F.3d 310, 325 (3d Cir. 2020) a panel of the Court of Appeals held that a claim by alien detainees that they should be released because the risk to them from the COVID-19 pandemic constituted unconstitutional conditions of confinement was cognizable in a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3). In the course of concluding the district judge abused his discretion by ordering a mass release of detainees, the panel noted that <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1862-63 (2017), had expressly declared that it was an open question whether alien detainees could challenge their conditions of confinement using a petition for a writ of habeas corpus.

This has led to many convicted defendants in the custody of the Bureau of Prisons attempting to use a petition for a writ of habeas corpus as a supplement to a motion for compassionate release under 18 U.S.C.§ 3582, on the grounds that COVID-19 presents such a danger to them that it renders the conditions of their confinement unconstitutional. As recently as last week, however, a panel of the Court of Appeals reiterated that a petition for a writ of habeas corpus "requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the judgment," <u>Chambers v. Warden Lewisburg USP</u>, No. 20-2108, 2021 WL 1696889, at *2 (3d Cir. Apr. 29, 2021), *citing* <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 537 (3d Cir. 2012), and is not a catch-all remedy. Because habeas corpus is not an available remedy to a convicted federal defendant seeking release from BOP custody based on a claim of unconstitutional conditions of confinement, even conditions resulting from a pandemic, this petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) must be dismissed.

A habeas petition under 28 U.S.C § 2241(c)(3) provides a remedy for "custody in violation of the Constitution or laws or treaties of the United States." Both the text and the historical origin of the text of the habeas corpus statute make it clear that while the quoted provision gives the court the power to order release from illegal custody, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486 n.7 (1973), it does not give the court a general power to

modify custodial decisions of the Bureau of Prisons. Claims seeking release or modification of custody because the conditions of an inmate's confinement are injurious, except for the singular distinction made in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005) between halfway houses and prisons, are not cognizable in habeas corpus. As the Court of Appeals for the Fourth Circuit observed in the pre-COVID-19 era, Wilborn v. Mansukhani, 795 Fed.Appx. 157, 163 (4th Cir. 2019), this is the majority rule:

> Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition. *Compare* Nettles v. Grounds, 830 F.3d 922, 933–34 (9th Cir. 2016) (adopting the view post-Preiser that conditions-of-confinement claims, which fall outside "the core of habeas corpus," must be brought in a civil rights claim rather than in a habeas petition), Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014) (same), Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (same), Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998) (same), McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811–12 (10th Cir. 1997) (same), Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (same), and Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (same), *with* Aamer v. Obama, 742 F.3d 1023, 1036 (D.C. Cir. 2014) (holding that prisoners can challenge the form of detention under habeas), Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001) (allowing prisoners to challenge "prison disciplinary actions, prison transfers, type of detention and prison conditions" as "challenges [to] the execution of a federal prisoner's sentence" under § 2241), and Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) (holding conditions-of-confinement claims are cognizable under § 2241).

Even in the COVID-19 era, a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated in Hope, because an inmate's confinement cannot be "unconstitutional" and therefore a basis for an order of temporary or permanent release unless all the prison personnel with supervisory authority over the inmate are proved to be risking the inmate's injury or death from COVID-19 by "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), **and** every alternative condition of confinement short of release is unavailable. Even the Sixth Circuit, in the course of permitting habeas petitions that allege COVID-19 poses unconstitutional conditions of confinement that "can be remedied only by release," Wilson v. Williams, 961 F.3d 829, 837 (6th Cir. 2020), recognizes this. But the resulting hybrid of *de novo* evidentiary proceedings and class actions is not a normal format for habeas corpus, which normally contemplates the review of a record developed elsewhere.

Second, in the Prison Litigation Reform Act, Congress carefully put procedural and substantive limits on the power of federal judges to order release of inmates based on prison conditions. *See* 18 U.S.C.§ 3626(a)(3). Congress provided the judiciary with many tools in rapid order in response to COVID-19, but it did not expand Section 2241 or

contract the PLRA, and with all due respect to the Sixth Circuit there is no principled way to wave one's hands and make that statute disappear simply because a party invokes Section 2241.

Third, if Section 2241 were construed to permit this action, there is no principled way to limit such an expansion of habeas corpus under Section 2241 to convicted federal inmates at risk from COVID-19. Federal inmates suffering from other medical conditions can make the exact same arguments. So can state and local inmates and pretrial detainees, who under Section 2241 would not be constrained by the limitations in the Antiterrorism and Effective Death Penalty Act Congress believed proper for petitions by state inmates. In short, the expansion of Section 2241 necessary to give this court the power to hear petitioner's claims would result in Section 2241 swallowing virtually all prison conditions litigation, and a good chunk of state habeas petitions as well.

One of the reasons for the limited expansion of habeas jurisdiction in Hope is that alien detainees had no other legal remedy. That is not the case with petitioner or with convicted federal defendants generally. In April 2020, the petitioner submitted a Motion for Compassionate Release/Home Confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to the court that sentenced him, the United States District Court for the Western District of Missouri, *see* United States v. Houck, Case No. 3:16-cr-5010 (W.D.MO.). That court denied the motion on June 8, 2020, and the denial was appealed to the Eighth Circuit, *see* United States v. Houck, Case No. 20-2216 (8th Cir.). As of April 12, 2021, the matter was submitted on the briefs to a panel of the Eighth Circuit, and a decision should be expected from that court.

That procedural history gives a second, nonjurisdictional reason why this court would not consider this habeas petition. Once exhaustion of administrative remedies has taken place, review by the sentencing court of any COVID-19 claims in a Section 3582 motion is proper. But a petitioner who presents exactly the same claims with exactly the same evidence in a habeas petition that he presents in a Section 3582 motion is nakedly asking the court that by happenstance is in the location where the inmate is confined not only to overrule the sentencing judge despite his familiarity with the defendant and the reason for the sentence, but also to do so *de novo*, without being bound by the more deferential abuse of discretion standard that the Court of Appeals must use. See United States v. Caraballo-Martinez, 866 F.3d 1233, 1238 (11th Cir. 2017)(*de novo* review of questions of statutory interpretation, abuse of discretion review of a district court's decision to grant or deny a sentence reduction).  In Bard v. Moser, No. 3:20-CV-75-KAP, 2020 WL 7353385, at *2 (W.D. Pa. Dec. 15, 2020), I said that would make the standard of review of any release decision turn on whether the inmate appealed from the sentencing judge's ruling. Here, the matter is even more starkly presented: this court is being asked to second guess the sentencing judge and to do so in a footrace with the Court of Appeals

for the Eighth Circuit.

Again, as I said in Bard v. Moser, if the abuse of the writ doctrine prevents a petitioner from repeatedly submitting in successive habeas petitions the "exact [same] claims or their close cousins," Alden v. Warden, U.S. Penitentiary Allenwood, 444 Fed.Appx. 514, 516 (3d Cir. 2011), it should similarly bar a habeas petition that raises the same claims that the petitioner presented or could have presented to the sentencing judge in a Section 3582 motion.

The petition is dismissed for lack of jurisdiction without prejudice to submitting to the sentencing court any subsequent Section 3582 motion made appropriate by a sufficient change in circumstances.

The Clerk shall mark this matter closed.

DATE: May 6, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record